UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO VICENTE,

                Plaintiff,

    v.                                 Civil Action No.

HURLBUT HEALTH CONSULTING, LLC.
a/k/a HURLBUT CARE COMMUNITIES
AND ROHM SERVICES CORPORATION,

                Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Antonio Vicente, is a natural person residing in County of Monroe and State of New York.

5. Defendant Hurlbut Health Consulting, LLC a/k/a Hurlbut Care Communities ("Hurlbut") is a domestic limited liability company organized under the laws of New York doing business in the State of New York.

6. Defendant Rohn Services Corporation ("Rohm") is a domestic business corporation organized under the laws of New York doing business in the State of New York.

7. That at all times relevant herein, Defendants owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

9. That at all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

10. That Defendants, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

11. That Defendants, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

12. That Defendants, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

14. The acts of the Defendants alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

15. All references to "Defendants" herein shall mean the Defendants or an employee of said Defendants.

## IV. FACTUAL ALLEGATIONS

16. In or about April 2020, Defendants began calling Plaintiff on his cellular telephone multiple times per day, per week regarding important updates and current policies on visitations.

17. Plaintiff never gave consent to Defendants to call his cellular telephone.

18. Plaintiff does not know anybody in Hurlbut Care Facilities nor has he had a business relationship with Defendants.

19. Plaintiff received pre-recorded calls from Defendants stating "good afternoon, please visit hurlbutcares.com for daily updates on our facilities as well as our current policies on visitation. Please note we are unable to allow visitation at this time, thank you".

20. Plaintiff has received pre-recorded calls from Defendants stating "good afternoon, we are calling from your Hurlbut Care Facility; we are providing daily updates for families on our website. Please go to hurlbutcare.com/family for new information daily, thank you. And let our family care for yours."

21. Many if not all of the above-mentioned telephone calls were made and/or transmitted with a prerecorded voice messages and/or transmitted messages using an artificial voice.

22. That the aforementioned incoming calls never provide an option for the Plaintiff to speak to a live person or to opt out of receiving any further calls to his cellular telephone.

23. That the calls made by the Defendants rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

24. That Plaintiff was annoyed and upset over the continued calls to his cellular telephone.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

25. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

26. The Defendants at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

27. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

29. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

31. Plaintiff received multiple calls from Defendants using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

32. The Defendants caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: April 13, 2021

/s/ Seth J. Andrews _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com