UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO VICENTE,

                              Plaintiff,

        v.

HURLBUT HEALTH CONSULTING, LLC.,
a/k/a Hurlbut Care Communities, et al.,

                              Defendants.
_____

REPORT & RECOMMENDATION

21-CV-6317EAW

## PRELIMINARY STATEMENT

Plaintiff Antonio Vicente commenced this action on April 14, 2021, asserting claims under the Telephone Consumer Protection Act of 1991 ("TCPA"). (Docket # 1). Currently pending is defendants' motion to dismiss Vicente's claims pursuant to Rule 41 of the Federal Rules of Civil Procedure based upon his failure to prosecute the claims. (Docket # 29).

On January 24, 2022, defendants served Vicente's counsel with a notice to produce seeking, among other things, duly executed authorizations for Vicente's telephone logs reflecting all calls to and from defendants during the relevant time period. (Docket # 29-1 at ¶ 5 and Exhibit ("Ex.") A). The parties conferred via written correspondence, and, on August 8, 2022, defendants provided Vicente blank authorizations for his telephone records. (*Id.* at ¶¶ 6-10 and Exs. B, C, D, E). Defendants sent three additional conferral communications on August 22, 25, and 31 requesting the signed authorizations. (*Id.* at ¶ 11 and Exs. F, G, H). Failing to receive them despite their repeated efforts, defendants requested a conference with the Court, which was conducted on September 27, 2022. (*Id.* at ¶ 12). During the conference Vicente's attorney, Seth

Andrews, Esq., represented that he had lost contact with his client and, despite conducting an investigation to determine his client's whereabouts, he was unable to provide any updated information. (*Id.* at ¶ 12).

On October 6, 2022, defendants served Vicente with a deposition notice scheduling the examination for October 20, 2022. (*Id.* at ¶ 14 and Ex. I). Vicente did not appear for the noticed deposition. (*Id.* at ¶ 16 and Ex. K). On November 1, 2022, defendants served Vicente with a second notice, scheduling his deposition for November 21, 2022. (*Id.* at ¶ 18 and Ex. M). Vicente again failed to appear. (*Id.* at ¶ 20 and Ex. O). Defendants now seek an order dismissing Vicente's complaint for failure to prosecute or, alternatively, compelling him to comply with his discovery obligations, attend his deposition, and pay defendants' fees and costs incurred in connection with the motion and his failure to comply with his litigation obligations. (*Id.* at ¶ 26).

In response to the motion, Andrews submitted an affirmation representing that he had not communicated with Vicente in over six months. (Docket # 32 at ¶ 2). According to Andrews, his office has repeatedly attempted to contact Vicente through various means, including by phone, email, and regular mail. (Docket ## 32 at ¶ 3; 32-1 at ¶¶ 1-8). When a legal assistant employed by Andrews's office telephoned Vicente on September 1, 2022, the number was no longer in service. (Docket # 32-1 at ¶ 3). The legal assistant also tried unsuccessfully to obtain updated contact information for Vicente from his mother. (Docket ## 32 at ¶ 4; 32-1 at ¶ 7). On September 19, 2022, Vicente's mother confirmed that he was still living at the same address and told the legal assistant that she would pass on the message to Vicente, although she did not provide a new phone number for him. (Docket # 32-1 at ¶ 7). Andrews himself called Vicente's mother on September 26, 2022 and left a voice message, which was never returned.

(Docket # 32 at ¶¶ 4-5). The legal assistant attempted to determine whether Vicente had been incarcerated but did not find any information to suggest that he had been. (Docket # 32-1 at ¶ 10). Andrews's office emailed and mailed to Vicente at his last known address copies of the deposition notices served by defendants and the motion to dismiss. (*Id.* at ¶¶ 11-12, 14). The office also mailed a copy of the deposition notice to an alternative address for Vicente that they found in their client file. (*Id.* at ¶ 13).

On January 24, 2023, the Court held oral argument on the pending motion. (Docket # 33). Andrews reconfirmed his office's attempts to locate and contact Vicente and reaffirmed that those efforts had been unsuccessful. Andrews also requested that any dismissal of the complaint be without prejudice. On this record, pursuant to Rule 41 of the Federal Rules of Civil Procedure, this Court recommends that Vicente's complaint be dismissed with prejudice.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal is warranted under Rule 41(b) where the record demonstrates that the plaintiff has not been diligent in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative

condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)).

A district court considering a dismissal pursuant to Rule 41(b) should consider the following factors:

1. the duration of the plaintiff's failure to comply with the court order;

2. whether plaintiff was on notice that failure to comply would result in dismissal;

3. whether the defendants are likely to be prejudiced by further delay in the proceedings;

4. a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and

5. whether the judge has adequately considered a sanction less drastic than dismissal.

*Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920, *5 (S.D.N.Y.) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)), *report and recommendation adopted by*, 2020 WL 4932777 (S.D.N.Y. 2020). Although dismissal is considered "a harsh remedy to be utilized only in extreme situations," *see Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted), courts have nonetheless found dismissal of a complaint justified where a plaintiff has failed to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any

4

steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing, *inter alia*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980)).

In the case at bar, the criteria for dismissal have been met. Vicente failed to appear for his deposition first noticed for a date more than three months ago and failed to appear for a second deposition noticed for a date more than two months ago. Moreover, despite repeated attempts to contact Vicente using contact information that he had provided, plaintiff's counsel has been unable to contact him for more than seven months. Other than stating that they have been unable to contact him, Vicente's counsel has proffered no explanation for his non-appearance and lack of cooperation – supporting the inference that he is no longer communicating with his counsel and the conclusion that lesser sanctions, such as an order compelling appearance or imposing costs and attorney's fees, would be ineffective to secure his compliance with his obligations. *See Hayden v. City of N.Y.*, 2021 WL 9079989, *4 (E.D.N.Y. 2021) ("because [p]laintiff has shown no interest in litigating his case, there is no efficacious option but dismissal[;] . . . [c]ourts consistently find that dismissal is appropriate where a plaintiff has disappeared"), *report and recommendation adopted by*, 2022 WL 2758300 (E.D.N.Y. 2022); *Henry v. Prishtina Constr. Designs, Inc.*, 2018 WL 5984866, *2 (E.D.N.Y.) ("[p]laintiff has ceased regular communication with his counsel[;] . . . [g]iven the [p]laintiff's failure to participate in this case . . . , it is unlikely that a sanction other than dismissal will prove effective"), *report and recommendation adopted by*, 2018 WL 5983378 (E.D.N.Y. 2018); *Shaw v. Creditors Fin. Grp.*, 2010 WL 1292771, *2 (W.D.N.Y.) ("[g]iven plaintiff's failure to heed the clear direction of the [c]ourt and his continued failure to communicate with his attorney or the

[c]ourt, the [c]ourt can conceive of no lesser sanction than dismissal to effectively address plaintiff's failure to prosecute this action"), *report and recommendation adopted by*, 2010 WL 1292315 (W.D.N.Y. 2010). On this record, I find that Vicente's complaint should be dismissed with prejudice. *See Hayden v. City of N.Y.*, 2021 WL 9079989 at *4 (dismissing claims with prejudice where plaintiff ceased communicating with counsel and failed to appear at court-ordered hearings); *Henry v. Prishtina Constr. Designs, Inc.*, 2018 WL 5984866 at *2 (same); *Shaw v. Creditors Fin. Grp.*, 2010 WL 1292771 at *2 (same).

## CONCLUSION

For the foregoing reasons, I recommend that defendants' motion to dismiss Vicente's claims **(Docket # 29) be GRANTED** and the complaint be dismissed with prejudice for failure to prosecute.

           *s/Marian W. Payson*
           MARIAN W. PAYSON
           United States Magistrate Judge

Dated: Rochester, New York
       February 9, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       February 9, 2023